UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THOMAS FRONAPFEL,

    Plaintiff,

v.

FARROKH HORMAZDI, an individual, and EDGAR ROBERTS, an individual

    Defendants.

3:09-CV-00562-LRH-VPC

ORDER

    Before the court is Defendants' Motion for Summary Judgment (#30[1]), along with Plaintiff's opposition (#34), Defendants' reply (#38), and Plaintiff's sur-reply (#40). Also before the court is Defendants' Motion to Strike the sur-reply (#41), along with Plaintiff's opposition (#42), and Defendants' reply (#43).

**I.   Facts and Procedural History**

    This action arises out of Plaintiff Thomas Fronapfel's employment as Field Services Administrator for the State of Nevada Department of Motor Vehicles ("DMV"). Following his termination in 2009, Plaintiff filed this action under 42 U.S.C. § 1983 alleging equal protection and First Amendment retaliation claims against the DMV Director and Deputy Director in their individual capacities. Defendant Edgar Roberts was the Director, and Defendant Farrokh

---

[1] Refers to the court's docket entry number.

1  Hormazdi was the Deputy Director and Plaintiff's immediate supervisor.

2      Plaintiff was hired by the DMV in February 2002.  In October 2004, he was promoted to
3  Field Services Administrator.  In July 2005, Plaintiff elected to move into unclassified service in
4  exchange for higher salary.  Consequently, he became an at-will employee and could be terminated
5  without progressive discipline.  Defendants allege a litany of grounds supporting Plaintiff's
6  termination, including: (1) Plaintiff failed to give evaluations to three of his four managers; (2) he
7  failed to develop work performance standards for his employees; (3) he failed to deal effectively
8  with a threatened group grievance at the Galletti Way office regarding his alleged
9  nonresponsiveness to employee complaints; (4) there were serious problems in the Elko and
10 Tonopah field offices; (5) he failed to train the new Galletti Way manager until about two years
11 later; (6) he failed to properly investigate employee claims of favoritism by the Galletti Way
12 manager; (7) he was identified as the problem with morale at the Galletti Way office; (8) he wrote
13 an inappropriate e-mail about the women at the Galletti Way office; (9) he played Sudoku during
14 working hours; (10) he clipped his toenails in his office; (11) he was nonresponsive to requests for
15 information from his bosses, Hormazdi and Roberts; (12) he failed to inform his bosses that an
16 employee was threatening to file an EEOC claim; (13) he failed to attend meetings; and (14) he
17 failed to assist or provide information to fellow administrators when requested.

18     After Plaintiff was terminated in 2009, he was replaced by Nancy Wojcik, a 22-year DMV
19 employee and then-Southern District Field Services Administrator.  In that position, Wojcik
20 oversaw field offices in southern Nevada, DMV's largest field offices, and she outranked all other
21 field service employees except Plaintiff.

22     In bringing this action, Plaintiff initially alleged four claims for relief.  His third and fourth
23 claims for negligent supervision and trespass to chattels have been voluntarily dismissed (#13),
24 however, leaving only his section 1983 claims for equal protection and First Amendment
25 retaliation.  Defendants move for summary judgment on both remaining claims.

26

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id.* at 252.

### III. Discussion

#### A. Equal Protection: Gender Discrimination

Pursuant to section 1983, Plaintiff alleges that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by discriminating against him on the basis of gender. "To establish a § 1983 equal protection violation, a plaintiff must show that the defendant, acting under color of state law, discriminated against [him] as a member of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). "Discriminatory intent may be proved by direct or indirect evidence." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). "[I]n order to survive a motion for summary judgment by the defendant, a plaintiff must only produce evidence sufficient to establish a genuine issue of fact as to the defendant's motivations." *Id.*

Here, Plaintiff has failed to produce any direct evidence that Defendants intentionally terminated him because of his gender, or any evidence at all that Defendants engaged in any pattern of treating women more favorably than men in employment decisions. Instead, Plaintiff argues that discriminatory intent can be inferred because following his termination he was replaced by a less-qualified female. But the undisputed facts establish that Wojcik was comparably qualified —even better qualified in some respects—and amply qualified for the position. Because "employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify," the Equal Protection Clause is not implicated wherever "government employers have made an individualized, subjective personnel decision." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 604 (2008). Unlike the plaintiff in *Engquist*, Plaintiff has pleaded a cognizable Equal Protection claim by alleging in his complaint that gender discrimination motivated his termination. Nonetheless, such allegations alone are insufficient to withstand summary judgment. Even assuming that a difference of opinion could be had as to who was the better qualified candidate, in the absence of any other direct or indirect evidence, the court declines

4

to hold that the mere fact that Plaintiff was replaced by a person of a different gender and with differing but comparable qualifications, without more, supports an inference that intentional gender discrimination motivated Plaintiff's termination.

Moreover, Defendants have articulated several legitimate, non-discriminatory reasons for Plaintiff's termination as an at-will employee, and Plaintiff has failed to show that those reasons were mere pretext for a discriminatory motive.[2] While Plaintiff has presented evidence disputing some of the litany of reasons cited for his dismissal, as to many others his attempts at rebuttal are incomplete or nonresponsive or the facts are conceded. "[W]hen the plaintiff relies on circumstantial evidence [and produces no direct evidence of discrimination], that evidence must be 'specific and substantial' to defeat the employer's motion for summary judgment." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)). No such specific and substantial evidence exists on this record that Plaintiff's termination was motivated by intentional gender discrimination.

For all these reasons, Defendants are entitled to summary judgment on Plaintiff's equal protection claim.

**B.  First Amendment Retaliation**

Plaintiff also alleges that Defendants retaliated against him for exercising his First Amendment right to free speech. "It is well settled that 'a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.'" *Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006) (quoting *Connick v. Meyers*, 461 U.S. 138, 142 (1983)). Generally, "[t]o sustain a First Amendment retaliation claim, a public

---

[2] Plaintiff has sought to establish intentional discrimination under the burden-shifting framework commonly used in Title VII cases. "Although courts in the Ninth Circuit are not bound by the formal Title VII disparate treatment burden-shifting framework when trying § 1983 claims, because both disparate treatment and § 1983 claims require a showing of intentional discrimination, . . . summary judgment decisions with regard to § 1983 claims are remarkably similar to their Title VII counterparts." *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 754 (9th Cir. 2001).

1  employee must show (1) the employee engaged in constitutionally protected speech, (2) the
2  employer took adverse employment action against the employee, and (3) the employee's speech
3  was a 'substantial or motivating' factor in the adverse action." *Posey v. Lake Pend Oreille Sch.*
4  *Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (quoting *Freitag v. Ayers*, 468 F.3d 528, 543 (9th
5  Cir. 2006)).

6        Although Plaintiff originally alleged multiple incidences in support of his claim of First
7  Amendment retaliation, in opposing the instant motion for summary judgment he has abandoned all
8  grounds except one: that his employment was terminated because of conversations he had with
9  Defendant Roberts regarding paying overtime to DMV employees. *See* Doc. #34, p. 8. Plaintiff
10 alleges that he was told by Roberts to eliminate employee overtime, that he expressed concern that
11 some of his employees' time sheets had been altered to eliminate overtime and they had not been
12 properly compensated for their time worked, and that he told Roberts that not paying overtime
13 would violate the law.  It is uncontroverted, however, that overtime and furlough were issues that
14 were being discussed amongst management at the DMV, that Plaintiff discussed those issues in
15 emails and meetings with management, and that he was instructed to develop an overtime and
16 furlough plan for his division as part of his job as Field Services Administrator.

17       "[W]hen public employees make statements pursuant to their official duties, the employees
18 are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate
19 their communications from employer discipline." *Garcetti*, 547 U.S. at 421.  Accordingly, because
20 Plaintiff's spoke about overtime policies pursuant to his duties as an administrator, his speech is
21 not protected and Defendants are entitled to summary judgment.

22       IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#30) is
23 hereby GRANTED.
24 ///
25 ///
26

6

1  IT IS FURTHER ORDERED that Defendants' Motion to Strike (#41) is DENIED as moot.

2  IT IS FURTHER ORDERED that the Clerk of the Court shall entry judgment accordingly.

3  IT IS SO ORDERED.

4  DATED 14thday of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE