UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THOMAS FRONAPFEL,

    Plaintiff,

v.

FARROKH HORMAZDI, an individual, and EDGAR ROBERTS, an individual

    Defendants.

3:09-CV-00562-LRH-VPC

ORDER

Before the court is Defendants' Motion for Attorneys' Fees and Costs (#30[1]). Plaintiff filed an opposition (#54), and Defendants replied (#56).

This action arises out of Plaintiff Thomas Fronapfel's employment as Field Services Administrator for the State of Nevada Department of Motor Vehicles ("DMV"). Following his termination in 2009, Plaintiff filed this action under 42 U.S.C. § 1983 against the DMV Director and Deputy Director in their individual capacities. Although Plaintiff initially alleged four claims for relief, he voluntarily dismissed his two state tort claims for negligent supervision and trespass to chattels at the Early Neutral Evaluation in December 2009 (#13). In January 2010, Defendants made an offer of judgment to Plaintiff, but Plaintiff rejected the offer by letting it expire. After discovery, Defendants moved for summary judgment on Plaintiff's remaining § 1983 claims for

---

[1] Refers to the court's docket entry number.

equal protection and First Amendment retaliation, which this court granted on September 14, 2011 (#47). Defendants now move for an award of attorneys' fees and costs under Federal Rules of Civil Procedure 54 and 68, Local Rule 54-16, and 42 U.S.C. §§ 1988 and 1983.

Rule 68(d) pertains to costs incurred after an offer of judgment is made and rejected. It provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred afer the offer was made." Fed. R. Civ. P. 68(d). "Costs" includes all costs properly awardable under the relevant substantive statute, including attorneys' fees where provided. *Marek v. Chesny*, 473 U.S. 1, 9 (1985). If applicable, the costs-shifting provided by the rule is mandatory. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996). The Supreme Court has clearly held, however, that the terms of Rule 68(d) are not satisfied and thus the rule is inapplicable where, as here, the judgment is in the defendant-offeror's favor and the plaintiff-offeree obtains no judgment in his favor at all. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).[2]

Section 1988 provides that in a civil rights action "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). As construed by the Supreme Court, however, a defendant in a civil rights case is not a "prevailing party" under § 1988 unless the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (internal quotations and citation omitted). Although Defendants contend that the court's grant of summary judgment establishes that Plaintiff's § 1983 claims were groundless,

---

[2]Defendants' argument that *Delta* was rejected by the Nevada Supreme Court for purposes of Nevada law is entirely beside the point. The law of the forum state is applicable to the determination of a party's entitlement to attorney's fees only in an action involving state law claims. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel., Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). Here, however, Plaintiff voluntarily dismissed all state law claims early in these proceedings and before Defendants' offer of judgment. Also, Defendants concede that "the motion for attorney's fees is not based on the state claims." (Doc. #56, p. 3.)

the court disagrees. While the court concluded that no genuine issues of material fact existed and that on the undisputed facts Defendants were entitled to judgment as a matter of law, the court's entry of summary judgment does not equate to a finding that the plaintiff's action was "meritless in the sense that it is groundless or without foundation." *Id.* at 14. "The fact that a [§ 1983] plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.* Nor does the court find that Plaintiff's § 1983 claims were in fact frivolous, unreasonable, or groundless, or that Plaintiff continued to litigate after it clearly became so. Accordingly, the court finds that Defendants did not "prevail" for purposes of § 1988(b) and in any event would deny attorney's fees under § 1988(b) in the exercise of the court's discretion.

Finally, Rule 54(d)(1) provides: "Unless a federal statue, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule thus "creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Here, Plaintiff makes no argument in opposition to Defendants' motion for costs.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorneys' Fees and Costs (#50) is hereby DENIED as to attorneys' fees and GRANTED as to costs. Defendants' Bill of Costs (attached as Exhibit D to Defendants' Motion (#50) at pages 75 *et seq.*) is hereby referred to the Clerk of Court for review.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE